**DANIEL BONNETT (AZ#014127)**
**RAVI PATEL (AZ#030184)**
**MARTIN & BONNETT, P.L.L.C.**
1850 N. Central Avenue, Suite 2010
Phoenix, Arizona 85004
Telephone: (602) 240-6900
dbonnett@martinebonnett.com
rpatel@martinbonnett.com

Attorneys for Plaintiff and the proposed Class

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL SELMON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TENET HEALTHCARE CORPORATION D/B/A ABRAZO HEALTH CARE; VANGUARD HEALTH SYSTEMS, INC., D/B/A ABRAZO HEALTH CARE; VHS OF ARROWHEAD, INC., d/b/a Arrowhead Hospital<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

This is an action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. and Arizona's wage statutes, Ariz. Rev. Stat. § 23-350 *et. seq.* This case arises out of the acts and omissions of Tenet Healthcare Corporation a/b/a Abrazo Healthcare, Vanguard Health Systems, Inc. d/b/a Abrazo Healthcare, and VHS of Arrowhead, Inc., d/b/a Arrowhead Hospital, (collectively "Abrazo" or "Defendants") as

1

alleged herein. Defendants unlawfully failed to pay Plaintiff and other similarly situated employees required wages for all hours worked including overtime wages at the applicable rates of pay, in violation of the FLSA and state law.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. Specifically, this action is brought under 29 U.S.C. § 216(b). This Court has pendent jurisdiction over the state wage law claim pursuant to 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over Defendant, Tenet Healthcare Corporation d/b/a Abrazo Healthcare, because it regularly transacts business in and has significant and continuous contacts with this District.

3. This Court has personal jurisdiction of Defendant, Vanguard Health Systems, Inc., d/b/a Abrazo Healthcare, because it regularly transacts business in and has significant and continuous contacts with this District.

4. This Court has personal jurisdiction of Defendant, VHS of Arrowhead, Inc., d/b/a Arrowhead Hospitals, because it has significant and continuous contacts, is located within and regularly transacts business in this District.

5. At all times material, Defendants have been, and continue to be, engaged in interstate commerce as defined by the FLSA.

6. Venue is proper under 28 U.S.C. § 1391(b) as Defendant resides in or around Maricopa County, Arizona.

## PARTIES

7. At all times relevant, Plaintiff, Michael Selmon, ("Plaintiff" or "Selmon") has been and remains a citizen and resident of Maricopa County, Arizona and employed as a Security Officer employee by Defendants. Plaintiff was and is an "employee" within the meaning of 29 U.S.C. § 203(e)(1) and Ariz. Rev. Stat. § 23-350(2).

8. At all relevant times during his employment with Abrazo, pursuant to Defendants' policy, pattern and/or practice, Plaintiff regularly worked for Abrazo's

benefit for periods of time without compensation as required by law. Abrazo failed to relieve Plaintiff of all duties during his unpaid lunch period, and failed to pay him for work he did during these interrupted lunch period despite being legally obligated to do so.

9. Defendant, Tenet Healthcare Corporation d/b/a Abrazo Healthcare ("Tenet" or "THC"), is a Nevada corporation authorized to conduct business in Arizona and is within the jurisdiction of this Court. Defendant's principal place of business is located in Dallas, Texas. Upon information and belief, on or about October 1, 2013 Tenet acquired or merged with Defendant, Vanguard Health Systems, Inc. ("Vanguard"), and is the successor-in-interest to Vanguard. Beginning in October 2013, Tenet operated and continues to operate several hospitals under the name "Abrazo Healthcare," including Arrowhead Hospital located in Glendale, Arizona and Maryvale Hospital located in Phoenix, Arizona. Tenet was and is an employer of Plaintiff within the meaning of 29 U.S.C. § 203(d) and Ariz. Rev. Stat. § 23-350(3), and, upon information and belief, was and is directly or indirectly responsible, *inter alia*, for setting policies and making decisions regarding the hours worked and pay of Abrazo employees including Plaintiff and the proposed Class Members.

10. Defendant, Vanguard Health Systems, Inc., d/b/a Abrazo Healthcare, ("Vanguard") is a Delaware corporation authorized to conduct business in Arizona and is within the jurisdiction of this Court. Defendant's principal place of business is located in Nashville, Tennessee. Defendant, Vanguard, is currently a wholly owned subsidiary of Defendant, Tenet. During some or all of the relevant time period, Vanguard operated and continues to operate several hospitals under the name "Abrazo Healthcare," including Arrowhead Hospital and Maryvale Hospital. Upon information and belief, Vanguard was acquired by or merged with Tenet on or about October 1, 2013. At all times relevant, Vanguard was and is an employer of Plaintiff within the meaning of 29 U.S.C. § 203(d) and Ariz. Rev. Stat. § 23-350(3), and, upon information and belief, was directly or indirectly responsible, *inter alia*, for setting and enforcing policies and making decisions

regarding the hours worked and pay of Abrazo employees including Plaintiff and the proposed Class Members.

11. Defendant, VHS of Arrowhead, Inc., d/b/a Arrowhead Hospital ("Arrowhead"), is a Delaware corporation authorized to conduct business in Arizona and is within the jurisdiction of this Court. Defendant's principal place of business is located in Nashville, Tennessee. Defendant, Arrowhead, is a wholly owned subsidiary of Defendant, Tenet. Upon information and belief, Arrowhead, operates Arrowhead Hospital, located in Glendale, Arizona. Beginning in August 2012, Arrowhead was and is an employer of Plaintiff within the meaning of 29 U.S.C. § 203(d) and Ariz. Rev. Stat. § 23-350(3) and, upon information and belief was, directly or indirectly, responsible, *inter alia*, for setting and enforcing policies and making decisions regarding the works worked and pay of Abrazo employees including Plaintiff and the proposed Class Members.

12. Defendants Vanguard and Tenet and, beginning in August 2012, Arrowhead were and are joint employers of Plaintiff within the meaning of FLSA.

## **CLASS AND COLLECTIVE ACTION ALLEGATIONS**

13. Plaintiff brings FLSA and Arizona state wage claims on behalf of himself and all other similarly situated Security Officer employees of Defendants who work or have worked for Abrazo.

14. Defendants are liable, jointly and severally, under the FLSA and Arizona state wage laws for, *inter alia*, failing to timely and properly compensate Plaintiff and all similarly situated employees for all hours worked. Defendants' failure to pay overtime compensation to similarly situated Abrazo employees results from Defendants' standard and uniform payroll policy and practices of automatically deducting a half hour of time from the pay records of Plaintiff and similarly situated employees, regardless of whether they are relieved of all duty during the lunch hour. Defendants continue this policy and practice to the injury of Plaintiff and the proposed Class Members.

15. The proposed Class Members are the readily identifiable Security Officer employees of Defendants, all of whom perform or have performed similar duties,

responsibilities and activities and were and/or are harmed by Defendants' uniform and standard payroll policy and practices of unlawful refusing and failing to pay Plaintiff and Class Members for all hours worked, including overtime compensation at the applicable rate of pay, in violation of the FLSA and state law. Notice of the FLSA claim should be sent to the FLSA Class Members as defined herein pursuant to 29 U.S.C. § 216(b).

16. The proposed class ("FLSA Class") is defined as follows:

> All persons currently or formerly employed as a Security Officer by Defendants in Arizona who worked during their lunch period without pay during one or more workweeks within three (3) years of the date this action was commenced.

17. Plaintiff also commences this action on behalf of himself and all other similarly situated Security Officer employees of Defendants for violations of Arizona's wage laws pursuant (to the provisions of Rule 23 of the Federal Rules of Civil Procedure with respect to violations alleged in this Complaint. Judicial economy dictates that the issues raised here be resolved in a single action.

18. The proposed class ("Rule 23 Class") is defined as follows:

> All persons currently or formerly employed as a Security Officer by Defendants in Arizona who worked during their lunch period without pay during one or more workweeks within one (1) year of the date this action was commenced.

19. Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and Arizona Wage Statues. This policy and pattern or practice includes but is not limited to:

   a. willfully failing to record all of the time that its employees, including Plaintiff and Members of the FLSA Class and the Rule 23 Class, have worked for the benefit of Defendants;

   b. willfully failing to keep accurate records as required by the FLSA; and

   c. willfully failing to compensate Plaintiff and Members of the FLSA Class and the Rule 23 Class for all hours worked.

20. The requirements for maintaining this action as a class action under Fed. R.

Civ. P. 23(a)(1) are satisfied in that there are too many Class members for joinder of all of them to be practicable. Upon information, there are over 30 members of the proposed Class at Defendants' Arrowhead and Maryvale facilities, and at least 50 members of the proposed Class across all of Defendants' Arizona hospitals.

21. The claims of the Class members raise numerous common questions of fact and law, thereby satisfying the requirements of Fed. R. Civ. P. 23(a)(2).

22. Plaintiff's claims are typical of the claims of Class members and therefore satisfy the requirements of Fed. R. Civ. P. 23(a)(3). Plaintiff and the Class members work or have worked for Defendants as Security Officer employees and have not been paid overtime wages for hours they worked in excess of 40 hours per work.

23. Plaintiff will adequately represent the interest of the Class Members because he is similarly situated to the Class Members and his claims are typical of, and concurrent to, the claims of the other Class Members and thereby satisfies the requirements of Fed. R. Civ. P. 23(a)(4). No conflicts of interest exist between Plaintiff and Members of the proposed FLSA and Rule 23 Classes.

24. Plaintiff has retained attorneys who are competent and experienced in complex class actions and in labor, employment and wage and hour litigation and therefore satisfy the requirements of Fed. R. Civ. P. 23(g).

25. All of the requirements of Fed. R. Civ. P. 23(b)(1) are satisfied in that the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications establishing incompatible standards of conduct for Defendants. Also, individual adjudications present a risk of adjudications which, as a practical matter, would be dispositive of the interests of other members who are not parties.

26. All of the requirements of Fed. R. Civ. P. 23(b)(2) also are satisfied in that the Defendants' actions affect or have affected all Class members in the same manner making appropriate final declaratory and injunctive relief with respect to the Class as a whole.

27.     All of the requirements of Fed. R. Civ. P. 23(b)(3) also are satisfied in that questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## GENERAL ALLEGATIONS

28.     Defendants are engaged in the business of operating a hospitals and medical clinics. Defendants market and provide health care services at multiple locations in Arizona.

29.     Defendants employed and continue to employ Plaintiff and those current and former employees similarly situated under the title of Security Officer. During the relevant time period, Plaintiff Selmon was assigned to work at Abrazo's Maryvale Hospital from January 2011 until August 2012 and at Abrazo's Arrowhead Hospital from September 2012 to the present.

30.     At all times relevant, Defendants automatically deducted 30 minutes of time from Plaintiff's pay for each day Plaintiff worked. However, Plaintiff was not relieved of all duties for a thirty minute period, was not allowed to leave the premises to take lunch, and was required to be available and answer calls and perform other Security officer duties.

31.     Between June 2012 and August 2012, pay for 2.5 hours of work was automatically deducted each week from Plaintiff's pay as lunch breaks, without Plaintiff being relieved of all duties for a corresponding period of time. During this time period, Plaintiff worked at least 40 hours per week for which he was compensated. During this time period Plaintiff was paid $15.31 per hour. Plaintiff has calculated that he was not paid $57.41 per week for work that he performed for Abrazo during this time period.

32.     Beginning in September 2012, Plaintiff's work assignment changed from five eight-hour shifts to four, ten-hour shifts per week.

33.     Between September 2012 and April 2013, pay for 2.0 hours of work was automatically deducted each week from Plaintiff's pay as lunch breaks, without Plaintiff

being relieved of all duties for a corresponding period of time. During this time period, Plaintiff worked at least 40 hours per week for which he was compensated. During this time period Plaintiff was paid $15.31 per hour. Plaintiff has calculated that he was not paid $45.93 per week for work that he performed for Abrazo during this time period.

34. Between April 2013 and October 2013, pay for 2.0 hours of work was automatically deducted each week from Plaintiff's pay as lunch breaks, without Plaintiff being relieved of all duties for a corresponding period of time. During this time period, Plaintiff worked at least 40 hours per week for which he was compensated. During this time period Plaintiff was paid $16.00 per hour. Plaintiff has calculated that he was not paid approximately $48.00 per week for work that he performed for Abrazo during this time period.

35. Between November 2013 and October 2014, pay for 2.0 hours of work was automatically deducted each week from Plaintiff's pay as lunch breaks, without Plaintiff being relieved of all duties for a corresponding period of time. During this time period, Plaintiff worked at least 40 hours per week for which he was compensated. During this time period Plaintiff was paid $16.55 per hour. Plaintiff has calculated that he was not paid approximately $49.65 per week for work that he performed for Abrazo during this time period.

36. Between November 2014 and the present, pay for 2.0 hours of work was automatically deducted each week from Plaintiff's pay as lunch breaks, without Plaintiff being relieved of all duties for a corresponding period of time. During this time period, Plaintiff worked at least 40 hours per week for which he was compensated. During this time period Plaintiff was paid $17.30 per hour. Plaintiff has calculated that he was not paid approximately $51.90 per week for work that he performed for Abrazo during this time period. Plaintiff continues to be subject to these deductions.

37. Defendants knew or should have known that the Plaintiff and members of the FLSA Class and the Rule 23 Class performed work during meal and other unpaid breaks, but still did not pay them for this time.

38. Security Officers for Abrazo are employees whose job duties and responsibilities are not exempt from the requirements to pay overtime.

39. Plaintiff and those current and former similarly situated Security Officer employees customarily and regularly performed non-exempt physical or manual work. That is, the primary duties of Plaintiff and similarly situated employees consist and/or consisted of patrolling the interior and exterior of the facility at periodic intervals, answering security calls, monitoring security cameras, providing security escorts to employees, patients and visitors.

40. Abrazo did not keep accurate payroll records of hours worked by members of the Class as required by the FLSA.

41. Plaintiff and current and former similarly situated Security Officer employees routinely and regularly worked for Defendants without being paid wages for all hours worked and overtime wages for hours worked in excess of forty hours per workweek.

42. Upon information and belief, Defendants were or should have been aware that state and federal law required them to pay their employees performing non-exempt duties overtime wages for hours worked in excess of forty per week.

43. Upon information and belief, Defendants were aware or should have been aware that Plaintiff and Security Officers employees customarily and regularly perform non-exempt physical or manual work consisting of answering security calls and providing security escorts during their lunch period and were not allowed to leave the premises during the lunch period, but rather must remain at their station.

44. Upon information and belief, Defendants' failure to pay Plaintiff and Security Officer employees wages for all hours worked and overtime wages for their work in excess of 40 hours per week was willful and without justification or authorization from such employees.

///

///

///

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND ALL FLSA CLASS MEMBERS

45. Plaintiff realleges and incorporates all allegations in all preceding paragraphs as if fully set forth.

46. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as set forth herein.

47. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's consent is attached hereto as Exhibit A.

48. Plaintiff and members of the FLSA Class are entitled to be paid one and one-half times their hourly rate for each hour worked in excess of forty hours per workweek.

49. In the course of employment with Defendants, Plaintiff and those current and former employees similarly situated worked the number of hours required of them, many times in excess of forty hours, but were not properly paid overtime compensation.

50. The pay practices of Defendants, as described in the above paragraphs, violated the FLSA by failing to properly pay overtime to Plaintiff and those current and former employees similarly situated for those hours worked each workweek in excess of forty hours.

51. Defendants' violations of the FLSA are willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other similarly situated current and former employees.

52. Because of Defendants' willful and unlawful acts, a three year statute of limitations applies, pursuant to 29 U.S.C. § 255 and Plaintiff the FLSA Class Members have been harmed and suffered damages by being denied overtime wages in accordance with the FLSA, plus incurred costs and reasonable attorneys' fees.

53. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA

Class Members are entitled to liquidated damages in an amount equal to the wages they are owed as unpaid overtime.

54. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Class Members are entitled to declaratory and injunctive relief.

55. As a result of Defendants' unlawful acts, Plaintiff and the FLSA Class Members are entitled to recovery of overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

56. During the three years preceding the filing of this lawsuit, Defendants have (1) employed and continue to employ individuals similarly situated to Plaintiffs (i.e., Security employees) in multiple locations in Arizona; (2) automatically deduct pay equivalent to a half hour of time each day from their paycheck without relieving them of all duties; (3) suffered or permitted to be suffered, with knowledge, hours of service by these employees in excess of forty hours during one or more workweeks, for which Defendants failed to properly pay overtime premiums. Each improperly classified and therefore improperly paid Security employee who performed or continues to perform services for Defendants for any time during the three years preceding this lawsuit, is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action.

## COUNT II

### FOR VIOLATION OF ARIZONA'S WAGE ACT ON BEHALF OF PLAINTIFF AND ALL CLASS MEMBERS

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

58. At all times relevant to this action, Plaintiff was and is an employee and Defendants were and are employers within the meaning of and subject to Ariz. Rev. Stat. § 23-350.

59. Ariz. Rev. Stat. § 23-351 provides that:

> A. Each employer in this State shall designate two or more days in each month, not more than sixteen days apart, as fixed paydays for payment of wages to the employees . . .
>
> \*\*\*
>
> C. Each employer shall, on each of the regular paydays, pay to the employees . . . all wages due the employee up to such date . . .

60. Ariz. Rev. Stat. § 23-351(c)(3) provides that: "[o]vertime or exception pay shall be paid no later than sixteen days after the end of the most recent pay period."

61. As set forth above, the FLSA requires that employees such as Plaintiff and similarly situated Abrazo employees be paid overtime wages for all hours worked in excess of forty hours per week. Defendants violated Ariz. Rev. Stat. §23-351 by failing to pay wages and overtime due Plaintiff and members of the Rule 23 Class for work in excess of forty hours per week within the time periods specified in Ariz. Rev. Stat. § 23-351.

62. As a result of Defendants' violations of Ariz. Rev. Stat. § 23-351, Plaintiff and members of the Rule 23 Class are entitled to an award of the unpaid wages, with prejudgment-interest thereon, and are entitled to treble the amount of such wages, together with attorneys' fees and costs pursuant to Ariz. Rev. Stat. §23-355.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Michael Selmon, individually and on behalf of others similarly situated, prays that judgment be entered against Defendants and that the Court award the following relief including but not limited to:

  A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action or that the Court issue such notice to all persons who are presently, or have at any time during the three years immediately preceding the commencement of this suit, up through and including the date of this Court's issuance of Court-supervised notice been employed by Abrazo as Security Officer employees.  Such notice shall inform them that this civil action has been filed, the nature of the action, and the right to join this

lawsuit if they were denied proper wages;

B. Certification of this action as a collective action under the FLSA, 29 U.S.C. § 216(b) and as a class action under Arizona's wage statue for all purposes of liability and relief and appointment of undersigned counsel as Class Counsel pursuant to Fed. R. Civ. P. 23(g);

C. An Order declaring that Defendants have violated the FLSA;

D. An Order declaring that Defendants have violated Arizona's Wage Act;

E. Judgment for Plaintiff and the FLSA and Rule 23 Class Members against Defendants, jointly and severally, for the wages and overtime payments due them for the hours worked by them for Defendants without proper compensation as set forth in 29 U.S.C. § 216(b);

F. Judgment for Plaintiff and the FLSA Class against Defendants, jointly and severally, for liquidated damages as set forth in 29 U.S.C. § 216(b);

G. Judgment for Plaintiff and the Rule 23 Class against Defendants, jointly and severally, for treble damages as set forth in Ariz. Rev. Stat. §23-355;

H. Judgment against Defendants declaring Defendants' conduct as set forth in this Complaint constitutes violation of the FLSA as well as Arizona wage laws and other applicable laws;

I. An order awarding, declaring or otherwise providing Plaintiff and the Class Members all other such injunctive, equitable and legal relief to which Plaintiff and the Class Members are or may be entitled whether or not specified herein;

J. An order awarding Plaintiff and the Class Members reasonable attorneys' fees along with costs pursuant to 29 U.S.C. § 216(b), Ariz. Rev. Stat. § 23-355, and/or the common fund theory;

K. Any and all other relief the Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Dated this 11th day of August, 2015.

s/Daniel L. Bonnett_____
**MARTIN & BONNETT, P.L.L.C.**
Daniel Bonnett
Ravi Patel
1850 N. Central Avenue, Suite 2010
Phoenix, Arizona 85004
Telephone:   (602) 240-6900

ATTORNEYS FOR PLAINTIFF AND
THE PROPOSED CLASS